# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTICT OF TENNESSEE

| | |
|---|---|
| **DARIKA JONES,** | ) Civil Case No.: |
| Plaintiff, | ) |
| v. | ) **CIVIL COMPLAINT** |
| | ) **AND** |
| **GC SERVICES LIMITED PARTNERSHIP,** | ) **JURY TRIAL DEMAND** |
| Defendant. | ) |

Plaintiff, Darika Jones (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant GC Services Limited Partnership (hereinafter "Defendant") as follows:

## INTRODUCTION

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), which prohibits telephone calls to be placed to cellular telephones by use of an Automated Telephone Dialing System ("ATDS") without the party's prior consent, and 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors, which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.

Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. The TCPA is a strict liability statute, which provides for actual and/or statutory damages for each violating call placed.

5. To prohibit deceptive practices, Section 806 of the FDCPA prohibits debt collectors from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" (15 U.S.C. § 1692d), including, without limitation, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

6. To further prohibit deceptive debt collection practices, Section 808 of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f

7. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the TCPA and the FDCPA.

## JURSIDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

9. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

10. Plaintiff, Darika Jones, is a natural person, who at all relevant times has resided in the City of Nashville, County of Davidson, and State of Tennessee.

11. Defendant, GC Services Limited Partnership is organized under the laws of the State of Texas and is doing business in the State of Tennessee, with its corporate offices at 6330 Gulfton Street, Houston, Texas 77081.

## FACTUAL STATEMENT

12. In February 2017, Defendant began an aggressive and unrelenting telephone collection call campaign in an attempt to collect on a student loan debt (hereinafter "the Debt") allegedly due and owing by the Plaintiff, which was placed with Defendant for collection, by contacting the Plaintiff on her cellular telephone number (XXX) XXX-1205 by use of an ATDS.

13. Emotionally distraught and frustrated over Defendant's unyielding and harassing campaign of collection calls by use of an ATDS, on February 24, 2017 at 12:27 PM, Plaintiff called Defendant to give a cease and desist directive. During the telephone call with Defendant on February 24, 2017, Defendant's representative ("Maggie") advised Plaintiff that the call was being recorded and that this was a communication with "a debt collector in an effort to collect a debt and that all information would be used for that purpose." Defendant's representative ("Maggie") further verified Plaintiff's account with Defendant by confirming with Plaintiff her address and phone number. Plaintiff then explicitly requested multiple times during the

conversation for the Defendant "TO STOP CALLING" her cellular phone number (XXX) XXX-1205. The Defendant's representative ("Maggie") acknowledged Plaintiff's cease directive and stated "Okay, no problem," and terminated the call.

14. Despite Plaintiff's explicit cease and desist directive given to Defendant during the foregoing conversation on February 24, 2017, Defendant continued in willful disregard of the Plaintiff's cease directive to place automated collection calls to Plaintiff's cellular phone number (XXX) XXX-1205. In fact, Defendant placed a collection call by use of an ATDS to Plaintiff's cellular phone number (XXX) XXX-1205 the very next day at 8:01 AM.

15. Subsequent and contrary to Plaintiff's unequivocal cease and desist directive given to Defendant during the foregoing February 24, 2017 telephone conversation, Defendant willfully placed no fewer than eighteen (18) autodialed collection calls to Plaintiff's cellular phone number (XXX) XXX-1205, on the following dates and times: 2/25/2017 at 8:01 AM; 2/27/2017 at 11:52 AM; 3/01/2017 at 5:58 PM; 3/03/2017 at 8:07 AM; 3/09/2017 at 9:42 AM; 3/13/2017 at 1:21 PM; 3/15/2017 at 2:18 PM; 3/23/2017 at 12:06 PM; 3/24/2017 at 10:30 AM; 4/01/2017 at 8:15 AM; 4/01/2017 at 10:02 AM; 4/04/2017 at 9:54 AM; 4/05/2017 at 11:33 AM; 4/12/2017 at 6:15 PM; 4/14/2017 at 8:34 AM; 4/21/2017 at 3:34 PM; 4/22/2017 at 8:34 AM; and 4/24/2017 at 12:00 PM.

16. All of the collection calls were placed to Plaintiff's cellular phone number (XXX) XXX-1205 from phone number (615) 763-4882 which belongs to Defendant.

17. Plaintiff revoked any consent that may have existed to call her cellular phone number (XXX) XXX-1205 during the course of the February 24, 2017 telephone conversation with Defendant where Plaintiff made her unequivocal cease directive, which was acknowledged by Defendant's representation and stated would be honored, but was not.

18. Defendant's repeated collection calls by use of an ATDS to Plaintiff's cellular phone number (XXX) XXX-1205 were a nuisance, harassing and an invasion of her privacy that caused her stress and anxiety, loss of the use of her cellular phone during the time it was occupied by Defendant's incoming calls and waste of her time determining who was calling her.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et seq.

19. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 18 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length herein.

20. Plaintiff revoked any consent that Defendant may have had to call her cellular telephone number (XXX) XXX-1205 by the cease directive given by Plaintiff to Defendant during the telephone conversation with Defendant on February 24, 2017.

21. Defendant willfully placed no fewer than eighteen (18) collection telephone calls to Plaintiff's cellular telephone number (XXX) XXX-1205 through use of an ATDS after Plaintiff gave a cease and desist directive to Defendant on February 24, 2017.

22. Plaintiff has been damaged by Defendant's actions which constitute willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), as well as any other applicable provisions of the TCPA, and its conduct is not exempt from the proscriptions of the statutes.

# COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d

23. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6).

26. At all times relevant to this litigation, Defendant has engaged in a course of collection attempts on the Debt, which is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Section 806 of the FDCPA, 15 U.S.C. §1692d prohibits debt collectors, such as Defendant, from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse [the Plaintiff] in connection with the collection of a debt," including, without limitation, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

28. Any and all of Defendant's collection efforts on the Debt after Plaintiff's cease directive to Defendant on February 24, 2017 and Defendant's acknowledgement of that directive constitute a violation of Section 806 of the FDCPA.

29. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to actual and statutory damages, and attorneys' fees and costs in accordance with the FDCPA.

# COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

32. Defendant is a "debt collector" as defined by 15 U.S.C § 1692a(6).

33. At all times relevant to this litigation, Defendant has engaged in a course of collection attempts on the Debt, which is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34. Section 808 of the FDCPA, 15 U.S.C. §1692f, prohibits debt collectors, such as Defendant, from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Any and all of Defendant's collection efforts on the Debt after Plaintiff's cease directive to Defendant on February 24, 2017 and Defendant's acknowledgement of that directive constitute a violation of Section 808 of the FDCPA.36. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to actual and statutory damages, and attorneys' fees and costs in accordance with the FDCPA.

WHEREFORE, Plaintiff, Darika Jones, requests that this Court enter judgment against the Defendant and on behalf of Plaintiff for the following:

A. For violations of the TCPA;

B. For all violations of 47 U.S.C. § 227b(1)(A)(iii);

C. For statutory damages for each violation of 47 U.S.C. § 227b(1)(A)(iii) and/or treble damages as the Court deems the violations willful;

D. For an order declaring the Defendant's actions, as described above, in violation of the FDCPA;

E. For actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

F. For statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

G. For costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

H. For such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: October 3, 2017

/s/ Susan S. Lafferty
Susan S. Lafferty, Esq. (BPR#025961)
Lafferty Law Firm, P.C.
555 Marriott Drive, Suite 315
Nashville, TN 37214
(T): (615) 878-1926
(F): (615) 472-7852
(E): SusanL@laffertylawonline.com
*Attorney for Plaintiff Darika Jones*